William Green SHANE, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 84 041 CR.

Court of Appeals of Texas, Beaumont.

Dec. 19, 1984.

---

2. "Sets" is the street name for the mixture of     Tripellanimine and Pentazocine.

**90**

David Bonham, Nederland, for appellant.

Fred Marsh, Asst. Dist. Atty., Denton, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury for indecency with a child, and the jury assessed his punishment at ten years confinement in the Texas Department of Corrections. Appeal has been perfected to this Court on one ground of error, viz:

"The Court erred in submitting the case to the Jury in that there was no evidence or insufficient evidence to support each element of the offense."

*TEX.PENAL CODE ANN. sec. 21.11* (Vernon Supp.1984) provides in part:

"(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:

"(1) engages in sexual contact with the child; or

"(2) exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person."

Appellant and his wife lived in a mobile home which had two bedrooms, one at each end. Appellant and his wife had kept complainant's two daughters many, many times, partly because of the separation of complainant and her husband. In December of 1982, it was alleged that one of complainant's daughters was spending the night at appellant's home, sleeping with his younger daughter.

The victim gave the following testimony:

"I was in the bed with [appellant's daughter] and he [appellant] came in the room and he pulled down the covers and he raised up my nightgown and stuck his hand in my panties."

The State had the burden to prove the requisite culpable mental state, to-wit: "with intent to arouse or gratify the sexual desire of any person." *Polk v. State,* 547 S.W.2d 605 (Tex.Crim.App.1977); *Victory v. State,* 547 S.W.2d 1 (Tex.Crim.App.1976). However, this can be inferred from the defendant's conduct, his remarks and all the surrounding circumstances. *Bowles v. State,* 550 S.W.2d 84 (Tex.Crim.App.1977).

The child also gave the following testimony:

"Q. Let me ask you this in that regard. When this occurred out there that night, and you were in the bedroom there laying [sic] in the bed, did the Defendant say anything to you that night?

"A. Yes, sir. He threatened to kill me and my family.

"Q. Okay. And what did he say to you? Why did he say he was gonna kill you or your family?

"A. If I told anything.

\*   \*   \*   \*   \*   \*

"Q. So the defendant ... told you that night that if you told anybody that he would hurt you, is that correct?

"A. Yes, sir.

\*   \*   \*   \*   \*   \*

"Q. Did he make any threats against your father if you told your father?

"A. Yes, sir.

"Q. Did he threaten your mother?

"A. Yes, sir.

\*   \*   \*   \*   \*   \*

"Q. Are you afraid today?

"A. Yes, sir."

This testimony, which the jury obviously believed, shows that appellant knew what he was doing was wrong and punishable. The testimony is a circumstance inferring he did what he did with intent to arouse or gratify his sexual desire. This ground of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.