**Hollis William BRANSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–90–01475–CR.**

Court of Appeals of Texas,
Dallas.

Jan. 23, 1992.

Rehearing Denied March 13, 1992.

---

Garland D. Cardwell, Sherman, for appellant.

H. Todd McCray, Robert T. Jarvis, Sherman, for appellee.

Before BAKER, THOMAS and CHAPMAN, JJ.

## OPINION

BAKER, Justice.

Hollis William Branson appeals his conviction for indecency with a child. The trial court assessed punishment at five years' confinement. In three points of error, appellant complains of four instances of improper jury argument, ineffective assistance of counsel, and insufficient evidence to support the judgment. We reverse and remand.

## JURY ARGUMENT

In his first point of error, appellant contends that the trial court erred in overruling his motion for mistrial and motion for new trial because the State engaged in improper jury argument calculated to harm and attack appellant's credibility.

### 1. The Arguments

Appellant first contends that the State's argument was improper where the prosecutor twice asserted that defense counsel "lied" to the jury. The record reflects the following:

PROSECUTOR: [Appellant's wife] wouldn't testify because she couldn't fade the heat. She couldn't have taken it. That is the one witness they dared not to call.

I want you to think about a few other things. First of all, Mr. ... I don't know whether it was Mr. Hendricks or Mr. Weaver told you that I had, it was at my behest, that I had the [complaining witness] to be in the courtroom. *Which ever of the counsel told you that lied to you. It is quite simple.*

DEFENSE COUNSEL: Your Honor, I am going to object to counsel calling me a liar.

THE COURT: Let me state, Counsel, we are getting into something that is totally outside the record today.

PROSECUTOR: Your Honor, it is invited argument. He talked about why I had the child in the courtroom. I am allowed to go into it.

DEFENSE COUNSEL: He is not allowed to get the defendant through the counsel by calling the counsel liars, Your Honor.

THE COURT: Rephrase, Counsel.

PROSECUTOR: The reason she is in this courtroom is because it was agreed. The defense wanted to keep her out. And Megan Engel wanted to stay in.

DEFENSE COUNSEL: I object, Your Honor.

THE COURT: Counsel, approach the bench.

\* \* \* \* \* \*

DEFENSE COUNSEL: Your Honor, I am going to object to counsel's statement.

THE COURT: Rephrase the statement, Counsel.

DEFENSE COUNSEL: Could I have a ruling on my objection, please, Your Honor.

THE COURT: Sustain your objection.

DEFENSE COUNSEL: I will ask the jury to disregard.

THE COURT: The jury will be instructed to disregard.

DEFENSE COUNSEL: We move for a mistrial, Your Honor.

THE COURT: Overruled.

\* \* \* \* \* \*

PROSECUTOR: The defense counsel also told you that the reason that I waived opening argument is because I wanted to upset or bother them or throw some sort of tactical wrench into it. Everything that I could say, I could say after them. I saw no reason to split my time. *That was a lie too.*

DEFENSE COUNSEL: Judge, I am getting tired to being called a liar.

THE COURT: Rephrase.

DEFENSE COUNSEL: I am tired of co-counsel being called a liar.

THE COURT: Sustained, Counsel. Rephrase.

PROSECUTOR: I will rephrase but I will not apologize.

DEFENSE COUNSEL: I didn't ask for an apology, Judge.

DEFENSE COUNSEL: May I ask for a ruling and for an instruction to the jury, Your Honor.

THE COURT: Overruled. I have instructed Counsel to rephrase. Move forward.

PROSECUTOR: Yes, Your Honor.

Additionally, appellant contends that other argument by the prosecutor was improper. The following occurred:

PROSECUTOR: *The defendant, on the other hand, had everything to gain because if he convinces just one of you of his lies, then he walks free.*

DEFENSE COUNSEL: That is not true. *That is a misstatement of the law.* He doesn't walk free. It takes a unanimous verdict one way or the other.

THE COURT: Sustained, Counsel.

DEFENSE COUNSEL: I ask the jury to disregard.

THE COURT: The jury will disregard the last statement.

DEFENSE COUNSEL: I move for a mistrial.

THE COURT: Overruled.

Appellant contends the prosecutor misstated the law when he said appellant would "walk free."

Appellant also complains of the following argument:

(PROSECUTOR): Now, the attorneys for the defense have told you that you should believe that the child is lying because she got confused about minor detail, about who was there, about how many times it happened, about where it happened.

DEFENSE COUNSEL: Your Honor, I am going to object. That is a misstatement of the evidence too. There is nothing to show there was confusion on the part of the witness as to who was there.

THE COURT: This is argument, Counsel. Go ahead.

PROSECUTOR: *I must protest to these constant frivolous objections.*

THE COURT: Overruled. Go ahead.

Appellant contends that the prosecutor's repeated assertions that defense counsel was lying to the jury exacerbated the effect of the improper argument. He argues the prosecutor's comment harmed him because it was an insinuation that if appellant's counsel would lie to the jury, appellant might also be lying.

### 2. The Law

▉ Proper subjects of jury argument are: (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answers to arguments of opposing counsel, and (4) pleas for law enforcement. *Todd v. State*, 598 S.W.2d 286, 296–97 (Tex. Crim.App.1980). It is reversible error to fail to grant a mistrial due to improper jury

argument where a prosecutor attacks a defendant "over the shoulder of defense counsel" by calling defense counsel's comments "lies" or by implying that defense counsel manufactures evidence. *Bell v. State,* 614 S.W.2d 122, 123 (Tex.Crim.App. 1981); *Anderson v. State,* 525 S.W.2d 20, 22 (Tex.Crim.App.1975). It is also improper jury argument to refer to defense counsel's objections as "frivolous." *Anderson,* 525 S.W.2d at 22.

■ There is a special concern about final arguments that result in uninvited and unsubstantiated accusations of improper conduct directed at a defendant's attorney. To protect defendants from such unwarranted attacks, the Court of Criminal Appeals of Texas has held that such argument will result in reversible error even if a trial court sustains an objection and instructs the jury to disregard. *Orona v. State,* 791 S.W.2d 125, 128 (Tex.Crim.App.1990). An instruction to disregard normally cures the effect of other kinds of improper jury argument. This is not so if the comment is so inflammatory that an instruction cannot remove its prejudicial effect. *Kinnamon v. State,* 791 S.W.2d 84, 89 (Tex.Crim.App. 1990).

### 3. Application of the Law to the Facts

■ We hold that it was improper[1] jury argument when the prosecutor argued to the jury that defense counsel was lying. *Anderson,* 525 S.W.2d at 22. We must determine whether, considering the entire record, there is a reasonable possibility that the argument complained of might have contributed to the conviction or sentence. *Orona v. State,* 791 S.W.2d at 128. Tex.R.App.P. 81(b)(2). We do not determine the harmfulness of the error simply by examining whether overwhelming evidence exists to support appellant's guilt. We examine the source of the error, the nature of the error, whether or to what extent the State emphasized it and its probable collateral implications. We consider how much weight a juror would probably place upon

the error. We determine whether declaring the error harmless would encourage the State to repeat it with impunity. *Orona,* 791 S.W.2d at 128.

■ After reviewing the entire record, we cannot conclude beyond a reasonable doubt that the improper argument did not contribute to appellant's conviction or punishment. We note and emphasize that the prosecutor repeated the accusation that defense counsel was lying, even when faced with sustained objections and instructions to disregard. Because of these circumstances, we conclude that an instruction to disregard was not enough to remove the prejudicial effect of the argument. *See Kinnamon,* 791 S.W.2d at 89. The repetition of the improper argument also goes to our consideration of whether the State will repeat the error with impunity. *Orona,* 791 S.W.2d at 130. We cannot say that the error did not prejudice the jurors' decision-making process in this case.

■ The State argues that the defense invited the prosecutor's comments. Defense counsel did assert, at final argument, that the State (1) put the child in the courtroom to influence the jury and (2) chose not to open so it could be the last to speak to the jury. However, the prosecutor's comments went beyond those "invited" by defense counsel. Rather than simply replying to defense counsel's accusations, the prosecutor chose to say, on two occasions, that defense counsel "lied." The record shows only that defense counsel was expressing his opinion about the prosecutor's motives for his actions.

In other cases where the courts have found reversible error because the prosecutor improperly referred to defense counsel as a "liar," the prosecutor insinuated that defense counsel manufactured or orchestrated the manufacturing of evidence. *See Bell,* 614 S.W.2d at 123; *Jones v. State,* 151 Tex.Crim. 115, 205 S.W.2d 590, 592 (1947); Although the improper argument in this case is not as egregious as that in the

---

**1.** The State concedes in its brief that the prosecutor's statement concerning defense counsel's

having "lied" was "improper."

above-cited cases, the fact that the State repeated it is of concern to this Court. We conclude that the State's improper argument invited the jury to discredit appellant's defense, based on his counsel's character. This denied appellant a fair and impartial trial. It was error not to grant the motion for mistrial.

■ Appellant also complains that the prosecutor misstated the law. A misstatement of the law is improper jury argument. *See Cook v. State*, 540 S.W.2d 708, 710 (Tex.Crim.App.1976). However, we hold that the instruction to disregard cured any error. *Kinnamon*, 791 S.W.2d at 89. Appellant further complains that the prosecutor objected to defense counsel's "frivolous" objections to the prosecutor's final argument. Defense counsel did not object to this comment or ask the trial court to instruct the jury to disregard this comment. Appellant waived any error. *See Willis v. State*, 785 S.W.2d 378, 385 (Tex. Crim.App.1989), *cert. denied*, — U.S. —, 111 S.Ct. 279, 112 L.Ed.2d 234 (1990).

Considering the repetition and nature of the improper argument, we sustain appellant's first point of error. Because we order the cause reversed and remanded, we need not consider appellant's second point of error. However, we must discuss his sufficiency of the evidence point of error.

## SUFFICIENCY OF THE EVIDENCE

In his third point of error, appellant contends that the evidence is insufficient to support the judgment. When we review the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. We determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989).

■ Appellant first contends that the evidence is insufficient to show that the offense occurred in Grayson County.[2] In criminal cases, the State has the burden to prove venue by a preponderance of the evidence. *See* TEX.CODE CRIM.PROC.ANN. art. 13.17 (Vernon 1977). The complaining witness testified that she went to appellant's house during the day. The complaining witness's mother testified that appellant's house was in Sherman, Grayson County, Texas. We hold that there is sufficient evidence that the offense occurred in Grayson County.

■ Appellant next contends that the evidence is insufficient to show that the offense occurred on or about September 20, 1988, the date alleged in the indictment. When the State alleges an "on or about" date as the date of the commission of the offense, the State is not bound by the date alleged in the indictment. The State may secure a conviction when it proves the offense was committed any time before the return of the indictment within the period of limitation. TEX.CODE CRIM.PROC.ANN. art. 21.02(6) (Vernon 1989).

The grand jury indicted appellant on November 9, 1989. The statute of limitations for indecency with a child/sexual contact is ten years from the date of the commission of the offense. TEX.CODE CRIM.PROC.ANN. art. 12.01 (Vernon Supp.1992). Appellant, in his brief, states that the complainant was in appellant's day-care facility from September or October 1986 to the middle of September 1988. Viewing the evidence in the light most favorable to the verdict, the jury could have found beyond a reasonable doubt that the offense occurred on or about September 20, 1988.

■ Appellant contends there is insufficient evidence showing sexual contact with the intent to arouse or gratify his sexual desire. As defined in the charge, the term "sexual contact" means any touching of any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person. The complainant testified that appellant touched her "front butt." She said that this is the term she uses for her vagina. She also testified that appellant made her touch his penis with her

---

2. This Court may presume that venue was proved in the court below unless such matters were raised at trial or it otherwise affirmatively appears to the contrary in the record. TEX. R.APP.P. 80(d). Appellant raised the issue at trial.

hands. She said appellant told her not to tell and that if she did, he would come get her.

The fact finder may infer intent from the conduct of and remarks made by the accused and circumstances surrounding the accused's acts. *See Bowles v. State,* 550 S.W.2d 84, 85 (Tex.Crim.App.1977). Evidence that the accused told the victim not to tell or that he would hurt her will support an inference that the accused knew what he was doing was wrong and punishable. *See Shane v. State,* 685 S.W.2d 89, 91 (Tex.App.—Beaumont 1984, no pet.). Viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found that appellant touched the complaining witness's genitals with intent to arouse and gratify his sexual desire. We overrule appellant's third point of error.

We reverse the trial court's judgment. We remand the cause for a new trial.