State v. 13.32 Acre Tract 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-252-CV

     THE STATE OF TEXAS,
                                                                                              Appellant
     v.

     ONE 13.32 ACRE OF LAND,
                                                                                         Appellee


From the 82nd District Court
Falls County, Texas
Trial Court # 31,112
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      On June 23, 1994, the court rendered a summary judgment in favor of the owners of 13.32
acres of land the State was seeking to forfeit. See Tex. Code Crim. Proc. Ann. art. 59.02
(Vernon Supp. 1995). The State filed a notice of appeal on July 6, and the transcript was filed in
this court on August 19. Although the State's brief was due on September 19, no appellant's brief
has been filed. See Tex. R. App. P. 74(k). Appellate Rule 74(l)(1) provides:
Civil Cases. In civil cases, when the appellant has failed to file his brief in the time
prescribed, the appellate court may dismiss the appeal for want of prosecution, unless
reasonable explanation is shown for such failure and that appellee has not suffered
material injury thereby. The court may, however, decline to dismiss the appeal,
whereupon it shall give such direction to the cause as it may deem proper.
Id. 74(l)(1).
      More than thirty days have passed since the State's brief was due. We notified it of this defect
by letter on November 2. See id. 60(a)(2), 83. The State responded by filing a "Motion For
Continuance," requesting thirty days in which to file "the transcript, statement of facts, and
briefs." Although the State's motion may explain the need for an additional thirty days from the
day it was filed, it wholly fails to explain the delay between September 19 and November 14. 
Thus, we conclude that the State has failed to provide either a "reasonable explanation" for the
failure to file its brief or "grounds for continuing the appeal." See id. 60(a)(2), 74(l)(1). 
Therefore, this appeal is dismissed for want of prosection. See id. 74(l). 
                                                                                PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed
Opinion delivered and filed December 7, 1994
Do not publish



 of Tonya (sic) Robinson....” Count Five charges Robinson
with sexual assault by “the penetration of the anus of Tonya (sic) Robinson with the male
sexual organ of the defendant without the consent of Tonya (sic) Robinson....”
Applicable Law
      It is well settled that when the indictment alleges an “on or about” date as the date of the
commission of the offense, the State is not bound by the date alleged and may secure a
conviction when it proves the offense was committed any time before the return of the
indictment and within the statutory limitation period. Tex. Code Crim. Proc. Ann. art.
21.02(6) (Vernon 1989); Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); Ex
parte Hyett, 610 S.W.2d 787, 789 (Tex. Crim. App. 1981); Branson v. State, 825 S.W.2d
162, 167 (Tex. App.—Dallas 1992, no pet.); Castillo v. State, 761 S.W.2d 495, 506 (Tex.
App.—Waco 1988), aff’d, 810 S.W.2d 180 (Tex. Crim. App. 1990).
Evidence
      The indictment reflects the requisite “on or about” language in Counts Four and Five. 
The indictment was presented and returned on June 30, 1998. The statute of limitations for
sexual assault crimes is five years from the date of the offense. Tex. Code Crim. Proc. Ann.
art. 12.01(4)(c) (Vernon Supp. 2000). So, the evidence would be sufficient if the State proved
the offenses in Counts Four and Five were committed before June 30, 1998, and the indictment
was returned not more than five years after the date the offense was committed.
      The testimony established that only during the months of February and March of 1998
Robinson and his victims lived in a residence on Lisa Street in Burleson, Johnson County. His
daughter, Tanya, who was mentally impaired due to a childhood accident, testified that while
they were living at this location in Burleson, Robinson had inserted, what she termed “his
thing,” into her vagina and into her anus against her will on several occasions. Although
Tanya did not specify dates of the incidents, her testimony and the testimony of the other
witnesses established that the commission of the offenses occurred during February to March
of 1998 while they lived on Lisa Street in Burleson. This time frame is before the return of the
indictment and within the statutory time limitations. We do not find the verdict so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust. Robinson’s first
issue is overruled.
Intent
      In his second issue, Robinson argues that the evidence was factually insufficient to show
that he was guilty of the offense charged in Count Seven because the State did not prove that
he was intending to arouse or gratify his own sexual desire. Count Seven alleged that
Robinson “intentionally, with the intent to arouse or gratify the sexual desire of said defendant,
engage[d] in sexual contact by touching the genitals of [J.L.], a child younger than 17
years....”
Applicable Law
      The Court of Criminal Appeals has previously held that the requisite specific intent such
as alleged in this case can be inferred from the defendant’s conduct, remarks and all
surrounding circumstances. McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App.
1981); see also Campos v. State, 977 S.W.2d 458, 461 (Tex. App.—Waco 1998, no pet.). 
Additionally, evidence of a common pattern of similar acts is admissible as tending to prove
intent to arouse or gratify the sexual desires of the defendant. Ranson v. State, 707 S.W.2d
96, 97 (Tex. Crim. App. 1986); Campos, 977 S.W.2d at 462.
Evidence
      J.L., a thirteen year old, testified that she and her mother lived with Robinson and his
children in Burleson during February and March of 1998. On at least two occasions, J.L.
stated that Robinson walked in on her while she was taking a bath and stared at her. Each
time, J.L. asked Robinson to leave. When he did not, she got out of the bathtub, pushed
Robinson out of the bathroom, and shut and locked the door. 
      J.L. further recalled that around the night of March 5, 1998, Robinson walked into the
bedroom J.L. shared with three other girls. J.L. saw him walk over to the bed of one of his
daughters. She heard the daughter tell Robinson to stop, and heard Robinson tell his daughter
to “shut up.” J.L. said this exchange went on for 30 minutes to an hour. Robinson then
walked over to J.L.’s bed where she said he got into bed with her and touched her on her inner 
thigh with his hand. Robinson moved his hand underneath her boxer shorts and touched her
vagina. J.L. testified that she became angry and pushed Robinson out of the bedroom. J.L.
said that she told Robinson she would kill him. He responded that she was not worth dying
over and then called her a “bitch.”
      Robinson denied touching J.L. inappropriately and denied staring at her while she was
taking a bath. 
      We believe the evidence is sufficient to infer that Robinson had the intent to arouse or
gratify his own sexual desires when he touched J.L.’s vagina. His second issue is overruled.
 

Conclusion
      Having overruled Robinson’s two issues, the judgment of the trial court is affirmed.


                                                             TOM GRAY
                                                             Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed 
Opinion delivered and filed February 23, 2000
Do not publish