Charles Sidney Robinson v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-346-CR

     CHARLES SIDNEY ROBINSON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # 32706
                                                                                                                
   
O P I N I O N
                                                                                                                
   
      Charles Sidney Robinson was indicted on eight counts of various sexual offenses against
four girls living in his household. Two of the victims were his own daughters. The State
dropped two counts, and after a bench trial, the trial court found Robinson guilty of the
remaining six counts. He now appeals three of those convictions. 
      In two issues, Robinson appeals only the two convictions of sexual assault of his adult
daughter, Tanya Robinson, and one conviction of indecency with a child (J.L.). In both
issues, Robinson contends the evidence was factually insufficient to support the convictions.
We affirm the judgment of the trial court.
Standard of Review
      In reviewing a factual sufficiency claim, the review begins with the assumption that the
evidence is legally sufficient. Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App.
1997). We must give deference to the fact finder's findings, and we are not free to re-weigh
the evidence and set aside a verdict merely because we feel that a different result is more
reasonable. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App.1997); Clewis v. State, 922
S.W.2d 126, 135 (Tex. Crim. App. 1996). We may find the evidence factually insufficient
only where necessary to prevent a manifest injustice. Cain, 958 S.W.2d at 407. 
      Additionally, we must consider all the evidence as a whole, not viewing it in the light most
favorable to either party. Cain, 958 S.W.2d at 408. A decision is not manifestly unjust as to
the accused merely because the fact finder resolved conflicting views of the evidence in favor
of the State. Id. at 410. Thus, as the reviewing court, we view all the evidence without the
prism of “in the light most favorable to the prosecution” and set aside the verdict only if it is
so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Cain, 958 S.W.2d at 407; Clewis, 922 S.W.2d at 129.
Date of Offense
      In his first issue, Robinson contends that the evidence was factually insufficient to show
that the offenses alleged in Counts Four and Five occurred prior to the presentment of the
indictment which was June 30, 1998 or that they occurred “on or about February 21, 1998” as
alleged in the indictment. Count Four charges Robinson with sexual assault by “the
penetration of the female sexual organ of Tonya (sic) Robinson with the male sexual organ of
the defendant without the consent of Tonya (sic) Robinson....” Count Five charges Robinson
with sexual assault by “the penetration of the anus of Tonya (sic) Robinson with the male
sexual organ of the defendant without the consent of Tonya (sic) Robinson....”
Applicable Law
      It is well settled that when the indictment alleges an “on or about” date as the date of the
commission of the offense, the State is not bound by the date alleged and may secure a
conviction when it proves the offense was committed any time before the return of the
indictment and within the statutory limitation period. Tex. Code Crim. Proc. Ann. art.
21.02(6) (Vernon 1989); Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); Ex
parte Hyett, 610 S.W.2d 787, 789 (Tex. Crim. App. 1981); Branson v. State, 825 S.W.2d
162, 167 (Tex. App.—Dallas 1992, no pet.); Castillo v. State, 761 S.W.2d 495, 506 (Tex.
App.—Waco 1988), aff’d, 810 S.W.2d 180 (Tex. Crim. App. 1990).
Evidence
      The indictment reflects the requisite “on or about” language in Counts Four and Five. 
The indictment was presented and returned on June 30, 1998. The statute of limitations for
sexual assault crimes is five years from the date of the offense. Tex. Code Crim. Proc. Ann.
art. 12.01(4)(c) (Vernon Supp. 2000). So, the evidence would be sufficient if the State proved
the offenses in Counts Four and Five were committed before June 30, 1998, and the indictment
was returned not more than five years after the date the offense was committed.
      The testimony established that only during the months of February and March of 1998
Robinson and his victims lived in a residence on Lisa Street in Burleson, Johnson County. His
daughter, Tanya, who was mentally impaired due to a childhood accident, testified that while
they were living at this location in Burleson, Robinson had inserted, what she termed “his
thing,” into her vagina and into her anus against her will on several occasions. Although
Tanya did not specify dates of the incidents, her testimony and the testimony of the other
witnesses established that the commission of the offenses occurred during February to March
of 1998 while they lived on Lisa Street in Burleson. This time frame is before the return of the
indictment and within the statutory time limitations. We do not find the verdict so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust. Robinson’s first
issue is overruled.
Intent
      In his second issue, Robinson argues that the evidence was factually insufficient to show
that he was guilty of the offense charged in Count Seven because the State did not prove that
he was intending to arouse or gratify his own sexual desire. Count Seven alleged that
Robinson “intentionally, with the intent to arouse or gratify the sexual desire of said defendant,
engage[d] in sexual contact by touching the genitals of [J.L.], a child younger than 17
years....”
Applicable Law
      The Court of Criminal Appeals has previously held that the requisite specific intent such
as alleged in this case can be inferred from the defendant’s conduct, remarks and all
surrounding circumstances. McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App.
1981); see also Campos v. State, 977 S.W.2d 458, 461 (Tex. App.—Waco 1998, no pet.). 
Additionally, evidence of a common pattern of similar acts is admissible as tending to prove
intent to arouse or gratify the sexual desires of the defendant. Ranson v. State, 707 S.W.2d
96, 97 (Tex. Crim. App. 1986); Campos, 977 S.W.2d at 462.
Evidence
      J.L., a thirteen year old, testified that she and her mother lived with Robinson and his
children in Burleson during February and March of 1998. On at least two occasions, J.L.
stated that Robinson walked in on her while she was taking a bath and stared at her. Each
time, J.L. asked Robinson to leave. When he did not, she got out of the bathtub, pushed
Robinson out of the bathroom, and shut and locked the door. 
      J.L. further recalled that around the night of March 5, 1998, Robinson walked into the
bedroom J.L. shared with three other girls. J.L. saw him walk over to the bed of one of his
daughters. She heard the daughter tell Robinson to stop, and heard Robinson tell his daughter
to “shut up.” J.L. said this exchange went on for 30 minutes to an hour. Robinson then
walked over to J.L.’s bed where she said he got into bed with her and touched her on her inner 
thigh with his hand. Robinson moved his hand underneath her boxer shorts and touched her
vagina. J.L. testified that she became angry and pushed Robinson out of the bedroom. J.L.
said that she told Robinson she would kill him. He responded that she was not worth dying
over and then called her a “bitch.”
      Robinson denied touching J.L. inappropriately and denied staring at her while she was
taking a bath. 
      We believe the evidence is sufficient to infer that Robinson had the intent to arouse or
gratify his own sexual desires when he touched J.L.’s vagina. His second issue is overruled.
 

Conclusion
      Having overruled Robinson’s two issues, the judgment of the trial court is affirmed.


                                                             TOM GRAY
                                                             Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed 
Opinion delivered and filed February 23, 2000
Do not publish