COURT OF APPEALS

                                                  SECOND
DISTRICT OF TEXAS

                                                                 FORT WORTH

 

 

                                        NO.
2-07-191-CR

 

 

DOMINGO SOTO                                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT
 COURT OF
 TARRANT
 COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








A jury convicted Appellant
Domingo Soto of one count of indecency with a child by contact and one count of
indecency with a child by exposure.  It
assessed punishment at ten years= confinement on each count but recommended community supervision for
the exposure count.  The trial court
sentenced Soto accordingly.  In three
points, Soto argues that the evidence is factually insufficient to support his
convictions, that the trial court abused its discretion by allowing the
complainant=s mother to
testify about the complainant=s outcry statements, and that the State engaged in improper, harmful
jury argument at closing.  We will
affirm.

II.  Factual Sufficiency

In his first point, Soto
argues that the evidence is factually insufficient to support his convictions
because D.F. repeatedly contradicted herself and was not a credible witness.








When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006); Drichas v. State, 175 S.W.3d 795, 799 (Tex. Crim. App.
2005).  We then ask whether the evidence
supporting the conviction, although legally sufficient, is nevertheless so weak
that the fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414B15, 417; Johnson
v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000).  To reverse under the
second ground, we must determine, with some objective basis in the record, that
the great weight and preponderance of all the evidence, though legally
sufficient, contradicts the verdict.  Watson,
204 S.W.3d at 417.

We may not simply substitute
our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at
8.  Thus, we must give due deference to
the fact-finder=s
determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id. at 9.

An opinion addressing factual
sufficiency must include a discussion of the most important and relevant evidence
that supports the appellant=s complaint on appeal.  Sims
v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).








A person commits indecency
with a child if the person engages in sexual contact with the child or causes
the child to engage in sexual contact and the child is younger than seventeen
years of age and not the person=s spouse.  Tex. Penal Code Ann. ' 21.11(a)(1) (Vernon 2003).  A
person also commits indecency with a child if the person, with intent to arouse
or gratify the sexual desire of any person, exposes the person=s anus or any part of the person=s genitals, knowing the child is present.  Id.
' 21.11(a)(2)(A).  Sexual
contact is defined as any touching by a person, including touching through
clothing, of the anus, breast, or any part of the genitals of a child if the
act is committed with the intent to arouse or gratify the sexual desire of any
person.  Id. ' 21.11(c)(1).  Intent to
arouse or to gratify the sexual desire of any person can be inferred from the
defendant=s conduct,
his remarks, and all surrounding circumstances. 
McKenize v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); Branson
v. State, 825 S.W.2d 162, 167B68 (Tex. App.CDallas 1992,
no pet.).








The evidence demonstrates
that Rosalinda is Soto=s wife and
the sister of the complainant=s mother, Diana.  Nine-year-old
D.F., the complainant, regularly visited her cousins at Rosalinda=s house.  When D.F. was seven
years old, during a visit to Rosalinda=s house, Soto, who was in his bed, grabbed D.F.=s arm, pulled her to him, and touched her Aprivate part@ through her
clothes.  On another occasion, when D.F.
was watching television in Soto=s bedroom, Soto grabbed her face and forced her to look at his private
part.  She described it as Along and dark and hairy and had a dot in it.@  D.F. did not tell anyone
because Soto said he would slap her. 
Another time when D.F. was at Rosalinda=s home, Soto was sitting on a couch in the living room watching
television when he tried to force D.F. to touch his exposed Aprivate part.@  D.F. Aalmost@ touched
Soto=s private part just before D.F.=s cousin entered the room, leading Soto to pull his pants up
quickly.  On another occasion, D.F. asked
Soto to retrieve a box of cereal from the top of the refrigerator, and Soto
pointed at his Aprivate part@ and said, A[Y]ou gotta
suck it first.@  D.F. said Anever mind.@

At trial, Diana testified
that she and D.F. were on their way to Rosalinda=s home one day when D.F. said that Soto was Anasty.@  Diana asked why she thought of Soto that way,
and D.F., crying, told her about Soto=s conduct described above. 
Diana called the police after arriving at Soto=s house.  She also testified
about what D.F. had told her regarding the incidents involving Soto.  D.F. testified after her mother.  She referred to her female sexual organ as
her Aprivate part,@ and she
testified that she has never been married. 
Soto did not testify.








Soto contends that the
evidence is insufficient to support his convictions because D.F. contradicted
herself.  He directs us to the following
testimony:  D.F. testified on
cross-examination that Soto=s complained-of conduct occurred a week before she reported it to her
mother, but she also testified that the conduct occurred when she was five
years old; D.F. seemed to recount that her cousin helped her pull away from
Soto while he had his pants down, but she later explained that her cousin did
not help her in that manner; D.F. remembered telling a detective that there
were a total of five or seven incidents with Soto, but she later testified that
there were four incidents.

Although portions of D.F.=s testimony during her cross-examination may have been contradictory,
she remained steadfast regarding the essential facts underlying the offenses of
which Soto was convicted.  She also
confirmed that the incidents with Soto occurred before she told her mother
about them, which happened just over two years ago.  D.F. demonstrated that she understood the
difference between a lie and the truth, and she testified that everything she
said at trial was the truth.  According
to Diana, D.F. has never changed her story and she has never taken any part of
it back.

Pursuant to the factual
sufficiency standard of review, we are required to give deference to the jury=s determinations, particularly those concerning the weight and
credibility of the evidence.  Johnson,
23 S.W.3d at 9; see also Tex.
Code Crim. Proc. Ann. art. 38.04 (Vernon
1979) (AThe jury, in all cases, is the exclusive judge of the facts proved,
and of the weight to be given to the testimony . . . .@).  Consequently, we defer to
the jury=s credibility determination, implicit in its verdict, that D.F.=s testimony was credible.








Viewing the evidence in a
neutral light, favoring neither party, we hold that the evidence is factually
sufficient to support Soto=s convictions.  See Watson,
204 S.W.3d at 414B15, 417; Johnson,
23 S.W.3d at 11.  Accordingly, we
overrule Soto=s first
point.

III.  Confrontation Challenge to Outcry Testimony

In his second point, Soto
argues that the trial court abused its discretion and reversibly erred by
overruling his confrontation clause objection to Diana=s testimony recounting D.F.=s outcry.  He seems to contend
that he was denied his Sixth Amendment right of confrontation because Diana was
permitted to testify about the outcry statements that D.F. made to her.








The United States Supreme
Court held that admission of testimonial hearsay violates a defendant=s Sixth Amendment right to confrontation unless the declarant is
unavailable to testify and the defendant had a prior opportunity for
cross-examination.  Crawford v. Washington, 541 U.S.
36, 68, 124 S. Ct. 1354, 1374 (2004).  The Confrontation Clause may act as a brake
upon the admission of testimonial child outcry statements unless the
child actually testifies or is presently unavailable but has been subject to
cross-examination in a prior proceeding. 
Martinez v. State, 178 S.W.3d 806, 811 n.21 (Tex. Crim. App.
2005).  Indeed, Awhen the declarant appears for cross-examination at trial, the
Confrontation Clause places no constraints at all on the use of his prior
testimonial statements.@  Crawford, 541 U.S. at 59 n.9, 124 S. Ct.
at 1369 n.9.  AThe Clause does not bar admission of a statement so long as the
declarant is present at trial to defend or explain it.@  Id.,
124 S. Ct. at 1369, n.9.

Here, D.F. appeared and
testified at trial.  Soto=s counsel cross-examined her about Soto=s alleged inappropriate conduct, questioning her about the details and
circumstances surrounding the complained-of incidents.  Because D.F. appeared for cross-examination
at trial, Diana=s testimony
recounting D.F.=s outcry
statements did not violate Soto=s Sixth Amendment confrontation rights.  See id., 124 S.
 Ct. at 1369.  We overrule
Soto=s second point.

IV.  Improper Jury Argument

In his third point, Soto
argues that the trial court abused its discretion and reversibly erred when it
overruled his objection to a portion of the State=s argument commenting on the absence of any evidence brought forth by
Soto regarding D.F.=s or Diana=s motive to lie.  Soto argues
that the Prosecutor=s statement
was a comment on his decision not to testify and an attempt to shift the burden
of proof in the case from the State to him.








The purpose of closing
argument is to facilitate the jury=s proper analysis of the evidence presented at trial in order to
arrive at a just and reasonable conclusion based solely on the evidence.  Barnes v. State, 70 S.W.3d 294, 308
(Tex. App.CFort Worth
2002, pet. ref=d).  To be permissible, the State=s jury argument must fall within one of the following four general
areas: (1) summation of the evidence; (2) reasonable deduction from the
evidence; (3) answer to argument of opposing counsel; or (4) plea for law
enforcement.  Felder v. State, 848
S.W.2d 85, 94B95 (Tex.
Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro v.
State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  During jury argument, the State may comment
on the appellant=s failure to
present evidence in his favor.  Jackson
v. State, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000); Patrick v. State,
906 S.W.2d 481, 490B91 (Tex.
Crim. App. 1995) (A[I]f the
language can reasonably be construed to refer to appellant=s failure to produce evidence other than his own testimony, the
comment is not improper.@).

The following exchange
occurred during the State=s closing
argument:

[Prosecutor]:  She enjoyed going to her uncle=s
house to play with her little niece - - her cousin, sorry, Diana=s
niece.  Why would she make this up?  So that she could stop going over there to
play with Stephanie?  No.  They have not brought you any credible
evidence of motive here for [D.F.] to lie, for Diana to lie.

 

[Defense
counsel]:  Objection, Your Honor.  We=re not obligated to bring any
evidence of motive.  Counsel is
misstating the burden.  We would like
instruction to the jury as such.

 

The
Court:  This is argument.  I=ll overrule the objection. 

[Emphasis added.]













During opening statements,
cross-examination, or closing arguments, Soto=s attorney attempted to cast doubt on D.F.=s version of events by depicting Soto as someone who did not
understand what was happening when the allegations arose or by arguing that
D.F. lacked credibility by pointing out inconsistencies in her testimony.  Soto pleaded not guilty and did not testify
or put on any witnesses.  Under these
circumstances, the prosecutor=s comment can reasonably be construed as being made in response to the
defense=s theory that D.F. fabricated the charges and in response to the
defense=s failure to produce evidence in support of that theory.  In light of the record and in the absence of
conjecture and speculation, it is not reasonable to conclude that the
prosecutor attempted to shift the burden of proof in the case by way of this
single statement or that the statement constituted an impermissible comment on
Soto=s failure to testify.[2]  Thus, the prosecutor=s comments were not improper.  See
Patrick, 906 S.W.2d at 491; Felder, 848 S.W.2d at 94B95.  We hold that the trial
court did not abuse its discretion by overruling Soto=s objection to the prosecutor=s complained-of statement.  See
Ramirez v. State, 973 S.W.2d 388, 391 (Tex. App.CEl Paso 1998, no pet.) (reasoning that a trial court abuses its
discretion when it acts arbitrarily or unreasonably or without reference to any
guiding rules or principles).  We
overrule Soto=s third
point.

V.  Conclusion

Having overruled Soto=s three points, we affirm the trial court=s judgment.

 

PER CURIAM

PANEL F: 
HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.    

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
June 26, 2008











[1]See Tex. R. App. P. 47.4.





[2]In
any event, Soto failed to preserve for appellate review his argument that the
prosecutor=s
statement was a comment on his failure to testify because he did not object on
this ground.  See Tex. R. App. P. 33.1(a)(1)(A) (requiring that to
preserve a complaint for appellate review, a party must have presented to the
trial court a timely request, objection, or motion that states the specific
grounds for the desired ruling if they are not apparent from the context of the
request, objection, or motion); see also Tex. R. Evid. 103(a)(1); Mosley v. State, 983 S.W.2d
249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999); Cockrell v.
State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); Riley v. State, No.
10-07-00060-CR, 2008 WL 880214, at *2 (Tex. App.CWaco Apr. 2, 2008, no pet.) (mem.
op.) (not designated for publication) (holding that appellant failed to
preserve for appellate review argument that State commented on her failure to
testify).