

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-191-CR**

DOMINGO SOTO                                                                       APPELLANT

V.

THE STATE OF TEXAS                                                                      STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

A jury convicted Appellant Domingo Soto of one count of indecency with a child by contact and one count of indecency with a child by exposure. It assessed punishment at ten years' confinement on each count but recommended community supervision for the exposure count. The trial court

---

[1] *See* TEX. R. APP. P. 47.4.

sentenced Soto accordingly. In three points, Soto argues that the evidence is factually insufficient to support his convictions, that the trial court abused its discretion by allowing the complainant's mother to testify about the complainant's outcry statements, and that the State engaged in improper, harmful jury argument at closing. We will affirm.

## II. FACTUAL SUFFICIENCY

In his first point, Soto argues that the evidence is factually insufficient to support his convictions because D.F. repeatedly contradicted herself and was not a credible witness.

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder's determination is manifestly unjust. *Watson*, 204 S.W.3d at 414–15, 417; *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). To reverse under the second ground, we must determine, with some objective basis in the record, that the great

2

weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict. *Watson*, 204 S.W.3d at 417.

We may not simply substitute our judgment for the fact-finder's. *Johnson*, 23 S.W.3d at 12; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Unless the record clearly reveals that a different result is appropriate, we must defer to the jury's determination of the weight to be given contradictory testimonial evidence because resolution of the conflict "often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered." *Johnson*, 23 S.W.3d at 8. Thus, we must give due deference to the fact-finder's determinations, "particularly those determinations concerning the weight and credibility of the evidence." *Id*. at 9.

An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

A person commits indecency with a child if the person engages in sexual contact with the child or causes the child to engage in sexual contact and the child is younger than seventeen years of age and not the person's spouse. TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2003). A person also commits indecency with a child if the person, with intent to arouse or gratify the sexual

desire of any person, exposes the person's anus or any part of the person's genitals, knowing the child is present. *Id*. § 21.11(a)(2)(A). Sexual contact is defined as any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child if the act is committed with the intent to arouse or gratify the sexual desire of any person. *Id*. § 21.11(c)(1). Intent to arouse or to gratify the sexual desire of any person can be inferred from the defendant's conduct, his remarks, and all surrounding circumstances. *McKenize v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); *Branson v. State*, 825 S.W.2d 162, 167–68 (Tex. App.—Dallas 1992, no pet.).

The evidence demonstrates that Rosalinda is Soto's wife and the sister of the complainant's mother, Diana. Nine-year-old D.F., the complainant, regularly visited her cousins at Rosalinda's house. When D.F. was seven years old, during a visit to Rosalinda's house, Soto, who was in his bed, grabbed D.F.'s arm, pulled her to him, and touched her "private part" through her clothes. On another occasion, when D.F. was watching television in Soto's bedroom, Soto grabbed her face and forced her to look at his private part. She described it as "long and dark and hairy and had a dot in it." D.F. did not tell anyone because Soto said he would slap her. Another time when D.F. was at Rosalinda's home, Soto was sitting on a couch in the living room watching

4

television when he tried to force D.F. to touch his exposed "private part." D.F. "almost" touched Soto's private part just before D.F.'s cousin entered the room, leading Soto to pull his pants up quickly. On another occasion, D.F. asked Soto to retrieve a box of cereal from the top of the refrigerator, and Soto pointed at his "private part" and said, "[Y]ou gotta suck it first." D.F. said "never mind."

At trial, Diana testified that she and D.F. were on their way to Rosalinda's home one day when D.F. said that Soto was "nasty." Diana asked why she thought of Soto that way, and D.F., crying, told her about Soto's conduct described above. Diana called the police after arriving at Soto's house. She also testified about what D.F. had told her regarding the incidents involving Soto. D.F. testified after her mother. She referred to her female sexual organ as her "private part," and she testified that she has never been married. Soto did not testify.

Soto contends that the evidence is insufficient to support his convictions because D.F. contradicted herself. He directs us to the following testimony: D.F. testified on cross-examination that Soto's complained-of conduct occurred a week before she reported it to her mother, but she also testified that the conduct occurred when she was five years old; D.F. seemed to recount that her cousin helped her pull away from Soto while he had his pants down, but she

5

later explained that her cousin did not help her in that manner; D.F. remembered telling a detective that there were a total of five or seven incidents with Soto, but she later testified that there were four incidents.

Although portions of D.F.'s testimony during her cross-examination may have been contradictory, she remained steadfast regarding the essential facts underlying the offenses of which Soto was convicted. She also confirmed that the incidents with Soto occurred before she told her mother about them, which happened just over two years ago. D.F. demonstrated that she understood the difference between a lie and the truth, and she testified that everything she said at trial was the truth. According to Diana, D.F. has never changed her story and she has never taken any part of it back.

Pursuant to the factual sufficiency standard of review, we are required to give deference to the jury's determinations, particularly those concerning the weight and credibility of the evidence. *Johnson*, 23 S.W.3d at 9; *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979) ("The jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony . . . ."). Consequently, we defer to the jury's credibility determination, implicit in its verdict, that D.F.'s testimony was credible.

Viewing the evidence in a neutral light, favoring neither party, we hold that the evidence is factually sufficient to support Soto's convictions. *See*

6

*Watson*, 204 S.W.3d at 414–15, 417; *Johnson*, 23 S.W.3d at 11. Accordingly, we overrule Soto's first point.

### III. CONFRONTATION CHALLENGE TO OUTCRY TESTIMONY

In his second point, Soto argues that the trial court abused its discretion and reversibly erred by overruling his confrontation clause objection to Diana's testimony recounting D.F.'s outcry. He seems to contend that he was denied his Sixth Amendment right of confrontation because Diana was permitted to testify about the outcry statements that D.F. made to her.

The United States Supreme Court held that admission of testimonial hearsay violates a defendant's Sixth Amendment right to confrontation unless the declarant is unavailable to testify and the defendant had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S. Ct. 1354, 1374 (2004). The Confrontation Clause may act as a brake upon the admission of testimonial child outcry statements *unless* the child actually testifies or is presently unavailable but has been subject to cross-examination in a prior proceeding. *Martinez v. State*, 178 S.W.3d 806, 811 n.21 (Tex. Crim. App. 2005). Indeed, "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Crawford*, 541 U.S. at 59 n.9, 124 S. Ct. at 1369 n.9. "The Clause does not bar admission of a statement so long as the

7

declarant is present at trial to defend or explain it." *Id.*, 124 S. Ct. at 1369, n.9.

Here, D.F. appeared and testified at trial. Soto's counsel cross-examined her about Soto's alleged inappropriate conduct, questioning her about the details and circumstances surrounding the complained-of incidents. Because D.F. appeared for cross-examination at trial, Diana's testimony recounting D.F.'s outcry statements did not violate Soto's Sixth Amendment confrontation rights. *See id.*, 124 S. Ct. at 1369. We overrule Soto's second point.

## IV. IMPROPER JURY ARGUMENT

In his third point, Soto argues that the trial court abused its discretion and reversibly erred when it overruled his objection to a portion of the State's argument commenting on the absence of any evidence brought forth by Soto regarding D.F.'s or Diana's motive to lie. Soto argues that the Prosecutor's statement was a comment on his decision not to testify and an attempt to shift the burden of proof in the case from the State to him.

The purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial in order to arrive at a just and reasonable conclusion based solely on the evidence. *Barnes v. State*, 70 S.W.3d 294, 308 (Tex. App.—Fort Worth 2002, pet. ref'd). To be permissible, the State's jury argument must fall within one of the following four general areas: (1)

8

summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). During jury argument, the State may comment on the appellant's failure to present evidence in his favor. *Jackson v. State*, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000); *Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex. Crim. App. 1995) ("[I]f the language can reasonably be construed to refer to appellant's failure to produce evidence other than his own testimony, the comment is not improper.").

The following exchange occurred during the State's closing argument:

[Prosecutor]: She enjoyed going to her uncle's house to play with her little niece - - her cousin, sorry, Diana's niece. Why would she make this up? So that she could stop going over there to play with Stephanie? No. *They have not brought you any credible evidence of motive here for [D.F.] to lie, for Diana to lie.*

[Defense counsel]: Objection, Your Honor. We're not obligated to bring any evidence of motive. Counsel is misstating the burden. We would like instruction to the jury as such.

The Court: This is argument. I'll overrule the objection.
[Emphasis added.]

During opening statements, cross-examination, or closing arguments, Soto's attorney attempted to cast doubt on D.F.'s version of events by

9

depicting Soto as someone who did not understand what was happening when the allegations arose or by arguing that D.F. lacked credibility by pointing out inconsistencies in her testimony. Soto pleaded not guilty and did not testify or put on any witnesses. Under these circumstances, the prosecutor's comment can reasonably be construed as being made in response to the defense's theory that D.F. fabricated the charges and in response to the defense's failure to produce evidence in support of that theory. In light of the record and in the absence of conjecture and speculation, it is not reasonable to conclude that the prosecutor attempted to shift the burden of proof in the case by way of this single statement or that the statement constituted an impermissible comment on Soto's failure to testify.[2] Thus, the prosecutor's comments were not improper. *See Patrick*, 906 S.W.2d at 491; *Felder*, 848 S.W.2d at 94–95. We

---

[2] In any event, Soto failed to preserve for appellate review his argument that the prosecutor's statement was a comment on his failure to testify because he did not object on this ground. *See* TEX. R. APP. P. 33.1(a)(1)(A) (requiring that to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion); *see also* TEX. R. EVID. 103(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999); *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *Riley v. State*, No. 10-07-00060-CR, 2008 WL 880214, at *2 (Tex. App.—Waco Apr. 2, 2008, no pet.) (mem. op.) (not designated for publication) (holding that appellant failed to preserve for appellate review argument that State commented on her failure to testify).

hold that the trial court did not abuse its discretion by overruling Soto's objection to the prosecutor's complained-of statement. *See Ramirez v. State*, 973 S.W.2d 388, 391 (Tex. App.—El Paso 1998, no pet.) (reasoning that a trial court abuses its discretion when it acts arbitrarily or unreasonably or without reference to any guiding rules or principles). We overrule Soto's third point.

## V. CONCLUSION

Having overruled Soto's three points, we affirm the trial court's judgment.

PER CURIAM

PANEL F:  HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  June 26, 2008

11